**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

                                  :
WILLIAM DAVIS, JR.,               :   CIVIL ACTION NO. 03-1025 (MLC)
                                  :
     Plaintiff,                   :         MEMORANDUM OPINION
                                  :
     v.                           :
                                  :
TOWNSHIP OF LAKEWOOD, et al.,     :
                                  :
     Defendants.                  :
                                  :
```

**COOPER, District Judge**

The third-party defendants, Peter Harvey, Attorney General of the State of New Jersey ("Harvey"), in his official capacity, and the State of New Jersey (collectively referred to as the "state defendants"), move to dismiss the third-party complaint filed by Ocean County, the Ocean County Prosecutor's Office, and E. David Millard, former Ocean County Prosecutor (collectively referred to as the "county plaintiffs"), for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The county plaintiffs brought the third-party action to compel the state defendants to defend and indemnify them for any and all claims asserted by the plaintiff, William Davis, Jr., in his second amended complaint. In response to the state defendants' motion to dismiss, the county plaintiffs cross-move for voluntary dismissal of the third-party complaint, pursuant to Rule 41. Because the Court lacks subject matter jurisdiction to hear the county plaintiffs'

claims, the Court will grant the state defendants' motion and deny the county plaintiffs' cross motion as moot.

## BACKGROUND

The parties are familiar with the background of this action. (See 8-4-05 Mem. Op. & Ord.)  In the Court's August 4, 2005 Memorandum Opinion and Order, we granted in part the county plaintiffs' motion for summary judgment, holding that the county plaintiffs were entitled to Eleventh Amendment immunity.[1]  The state defendants moved to dismiss the third-party complaint, claiming that (1) the Court lacked subject matter jurisdiction to decide the action based upon Eleventh Amendment immunity, and (2) the county plaintiffs failed to satisfy the requirements of the New Jersey Tort Claims Act ("NJTCA").  (State Defs. Br., at 1-2.) The county plaintiffs cross-moved for voluntary dismissal of the third-party complaint without prejudice.

## DISCUSSION

### I.   Motion to Dismiss

The state defendants move to dismiss the third-party complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Although the state defendants move to dismiss pursuant to Rule 12(b)(6), their defense of sovereign immunity is more appropriately decided under Rule

---

[1] The Court also stated that the plaintiff's claims against E. David Millard in his individual capacity remained viable.

12(b)(1), which deals with subject matter jurisdiction. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (holding that absent a clear waiver by a state of its sovereign immunity under the Eleventh Amendment or a congressional abrogation of that immunity, a federal court lacks subject matter jurisdiction to hear claims brought by an individual against a state). Also, even if the parties do not dispute subject matter jurisdiction, the Court has an obligation to consider the question sua sponte. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). The party that invokes the court's jurisdiction bears the burden of persuasion when the subject matter jurisdiction of the court is challenged. Rudolph v. Adamar of N.J., Inc., 153 F.Supp.2d 528, 533 (D.N.J. 2001) (citations omitted).

## II.  Eleventh Amendment Immunity

The Eleventh Amendment bars the county plaintiffs' claims against the state defendants.

### A.  The State of New Jersey

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against any state or its agencies in federal court by that state's own citizens as well as by

citizens of other states.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  The Eleventh Amendment precludes both legal and equitable relief, as well as all claims under Section 1983.  Pennhurst, 465 U.S. at 100-01.

There are only three "narrowly circumscribed" exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law.  MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001).  Here, the county plaintiffs do not claim that any of the exceptions to Eleventh Amendment immunity apply.  Also, the county plaintiffs admit, after the Court previously granted judgment in favor of the county defendants, that the third-party complaint "cannot be maintained in Federal Court" and that "it is now evident that this Court lacks the jurisdiction to hear this matter." (County Defs. Br. at 3.)  Accordingly, the State of New Jersey is immune against suit under the Eleventh Amendment.

    B.    The Attorney General of the State of New Jersey

The Attorney General argues that he is entitled to sovereign immunity because the county plaintiffs' claims for defense and indemnification would require the Court to direct a state official to conform to state law.  We agree.

The Eleventh Amendment bars suits against state officials when the State is the real party of interest.  Chisolm v.

McManimon, 275 F.3d 315, 322 (3d Cir. 2001).  A suit for damages against state officials in their official capacities is a suit against the office itself, and thus, "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Moreover, "[i]f the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act," it is a suit against the sovereign. Dugan v. Rank, 372 U.S. 609, 620 (1963) (citations and internal quotations omitted).  Furthermore, a federal court may not direct state officials to conform their conduct to state law because doing so abrogates sovereign immunity.  Pennhurst, 465 U.S. at 90, 106.

    The county plaintiffs' only allegations against Harvey involve his official capacity as Attorney General of the State of New Jersey.  They seek to have the Court order Harvey to indemnify and defend them, pursuant to the NJTCA, in the underlying civil rights action.  As such, the county plaintiffs are requesting that the Court direct Harvey — a state official — to comply with the NJTCA — a state law — which is improper for the Court to do under the Eleventh Amendment.  Moreover, as mentioned above, the county plaintiffs admit that this Court lacks jurisdiction over the third-party claims.  Therefore, Harvey is entitled to immunity from suit under the Eleventh

Amendment as to any particular claims against him in his official capacity.[2]

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, concludes that the Eleventh Amendment bars the county plaintiffs' third-party claims against the State of New Jersey and Peter Harvey in his official capacity.  Accordingly, the Court grants the state defendants' motion to dismiss.[3]  The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

---

[2] The state defendants also move to dismiss because they claim that the county plaintiffs failed to satisfy the notice requirements of the NJTCA. Specifically, the state defendants argue that the county plaintiffs failed to (1) provide the State of New Jersey with notice of the claims filed against them within ten days from the date they were served with the complaint, as required by N.J.S.A. § 59:10-3, and (2) request that the State assume their defense and indemnify them within the ten-day period. Although on the face of the third-party complaint the county plaintiffs do not allege compliance with the NJTCA notice requirements, we need not address this issue here because we have concluded that the action cannot proceed in federal court pursuant to the Eleventh Amendment.

[3] The Court also denies what is termed the county plaintiffs' "cross-motion for voluntary dismissal of defendants' third party complaint without prejudice."